UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZYCUS, INC.,<br><br>        Petitioner,<br><br>   and<br><br>ROBERTSHAW CONTROLS COMPANY,<br><br>        Respondent. | 24-CV-4802 (AS)<br><br>ORDER OF DISMISSAL |

ARUN SUBRAMANIAN, United States District Judge:

  "It is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). The Court "has the duty to dismiss [an] action *sua sponte*" if "subject matter jurisdiction is lacking and no party has called the matter to the [C]ourt's attention." *Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009).

  Petitioner filed a petition to confirm arbitration on June 24, 2024. Dkt. 1. The petition argued that the Court had subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332 and cited the Federal Arbitration Act (FAA) as "additional grounds" for jurisdiction. *See id.* ¶ 13. Provisions of the FAA that "authoriz[e] 'applications to confirm, vacate, or modify arbitral awards…do not themselves support federal jurisdiction.'" *Stafford v. Int'l Bus. Machs. Corp.*, 78 F.4th 62, 68 (2d Cir. 2023) (quoting *Badgerow v. Walters*, 596 U.S. 1, 8 (2022)). Accordingly, for the Court to have jurisdiction, the case must meet the standards for diversity in 28 U.S.C. § 1332. Section 1332(a) requires that "the matter in controversy…is between…citizens of different States," and Section 1332(c) states that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated."

  The petition named the parties' principal places of business but did not confirm the parties' states of incorporation. *See* Dkt. 1 ¶¶ 11, 12. The Court ordered petitioner to file an affidavit listing every state of incorporation for both petitioner and respondent. *See* Dkts. 20 and 22. On August 26, 2024, petitioner's counsel filed an affidavit. Dkt. 23. This affidavit certified that petitioner Zycus, Inc. is incorporated in the state of Delaware and respondent Robertshaw Controls Company is incorporated in the state of Delaware. *See id.* ¶¶ 4, 6. Under Section 1332(c), petitioner and respondent are both citizens of the state of Delaware. There is thus no diversity of citizenship under Section 1332(a).

The case is hereby DISMISSED without prejudice for lack of subject matter jurisdiction. Any pending motions are moot, and any conferences are cancelled. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: August 28, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge